UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| CATHLEEN SUE NARDICO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | Case No. ED CV 17-1499-AS<br><br>**MEMORANDUM OPINION** |

**PROCEEDINGS**

On July 27, 2017, Plaintiff filed a Complaint seeking review of the denial of her application for Supplemental Security Income ("SSI"). (Dkt. No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11, 16). On December 26, 2017, Defendant filed an Answer along with the Administrative Record ("AR"). (Dkt. Nos. 19, 20). On March 26, 2018, the parties filed a Joint Stipulation ("Joint Stip."), setting forth their respective positions regarding Plaintiff's claims. (Dkt. No. 23).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On May 22, 2013, Plaintiff, formerly employed as a mail delivery driver, (see AR 150), filed an SSI application alleging an inability to work because of a disability since June 30, 2006. (AR 131-47). On August 6, 2015, an Administrative Law Judge, James D. Goodman ("ALJ"), held a hearing at which Plaintiff's counsel was present, but Plaintiff was not, despite having received notice of the hearing from the Administration and her counsel. (AR 47-51; see also AR 100-05, 123 (notices of hearing)). The ALJ gave Plaintiff seven days to move to reopen the proceedings. (AR 50). The ALJ also found that Plaintiff's period of disability began on May 22, 2013, the date of her application. (AR 50). On August 6, 2015, Plaintiff moved to reopen the hearing, (AR 201-03). On August 28, 2015, the ALJ denied the motion. (AR 127).

On October 14, 2015, the ALJ issued a decision denying Plaintiff's application. (AR 24-42). First, the ALJ found that Plaintiff had constructively waived her right to appear at the hearing. (AR 25-28). The ALJ then proceeded through step four of the five-step sequential process and denied Plaintiff's claim. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 22, 2013, the application date. (AR 31). At step two, the ALJ found that Plaintiff has several "medically determinable conditions of ill-being," including

degenerative disc disease and obesity. (Id.). Proceeding to step three, the ALJ found that Plaintiff's impairments do not meet or equal a listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 32). After assessing Plaintiff's Residual Functional Capacity, the ALJ determined, at step four, that Plaintiff is capable of performing her past relevant work as a mail delivery driver. (AR 34-40). Accordingly, the ALJ concluded that Plaintiff has not been disabled since May 22, 2013, the application date. (AR 41).

The Appeals Council denied Plaintiff request for review of the ALJ's decision on May 24, 2017 (AR 1-3, 20, 130). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a

court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**PLAINTIFF'S CONTENTION**

Plaintiff alleges that the ALJ erred in finding, at step four, that Plaintiff's past work as a mail delivery driver constituted substantial gainful activity ("SGA"). (See Joint Stip. at 9-12, 18).

**DISCUSSION**

After considering the record as a whole, the Court finds that the Commissioner's findings are supported by substantial evidence and are free from material legal error. As set forth below, the ALJ did not err in determining that Plaintiff's past work as a mail delivery driver qualified as SGA.

At step four of the five-step process, the ALJ must determine whether a claimant can return to his or her past relevant work in light of his or her RFC. Past relevant work is "work that [a claimant has] done within the past 15 years, which was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). Substantial gainful activity is defined as "work activity that involves doing significant physical or mental activities . . . that [a claimant does] for pay or profit." 20 C.F.R. §§ 404.1572, 416.972. A presumption that a person engaged in substantial gainful activity is made if that person's average monthly income attributable

4

to that activity exceeds a certain amount. 20 C.F.R. §§ 404.1574, 416.974; Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir. 1990). However, earnings alone are not dispositive and other factors may rebut the presumption, such as "the time spent working, quality of a [claimant's] performance, special working conditions, and the possibility of self-employment." Katz v. Sec'y, 972 F.2d 290, 293 (9th Cir. 1992).

The Agency calculates monthly earnings by "averag[ing] earnings over the entire period of work." 20 C.F.R. §§ 404.1574a(a), 416.974a(a); see also Anderson v. Heckler, 726 F.2d 455, 457 (8th Cir. 1984) (monthly earnings are calculated by averaging earnings over months actually worked instead of averaging earnings over the entire year). If a claimant's earnings level or work pattern significantly changes during the period of work, the Agency will average earnings during each period of work separately. 20 C.F.R. §§ 404.1574a(b)-(c), 416.974a(b)-(c).

Here, the ALJ concluded, at step four, that Plaintiff could perform her past relevant work as a mail delivery driver. (AR 40). The ALJ found that this job qualified as SGA, even while acknowledging that "some of the evidence on this issue is a bit thin." (Id.). The ALJ relied on a disability report filed in support of Plaintiff's SSI application, in which Plaintiff indicated that she worked as a mail delivery driver from January to June 2006 – a six-month period, (id.; see AR 150), and stated that she worked for eight hours a day, five days a week, earning fourteen dollars an hour. (AR 150). Based on the lack of *reported* earnings for 2006,

along with other inconsistencies in the record,[1] the ALJ inferred that Plaintiff intended to state that she had worked as a mail delivery driver from January to June *2004*, and not 2006. (AR 40). Plaintiff's earnings records indicate that she earned $5,266.72 from Federal Express in 2004, (AR 144), which amounts to about $877 per month if averaged over the six-month period from January to June as plaintiff had alleged. The ALJ noted that this amount "does rise to the level generally considered to be [SGA] within the meaning of the regulations in that year." (AR 40-41; see Social Security Administration ("SSA"), Substantial Gainful Activity, https://www.ssa.gov/oact/cola/sga.html ($810 per month qualified as SGA in 2004)). Furthermore, based on Plaintiff's disability report indicating that she worked full-time and earned fourteen dollars an hour, (see AR 150), the ALJ reasoned that the mail delivery driver job "yield[ed] [SGA]-level earnings, whether they were reported to the proper authorities or not" (AR 41) – the implication being that Plaintiff may have underreported her total earnings, in light of the inconsistent records.

Plaintiff contends that the ALJ "misinterpreted the record, and Plaintiff's work in 2004 did not constitute SGA." (Joint Stip. at 10). While Plaintiff acknowledges that the ALJ correctly determined that the 2006 employment stated on the disability report actually occurred in 2004, she contends that the ALJ wrongly inferred that she

---

[1] The ALJ noted that, according to some medical records, Plaintiff apparently stated that she sustained an on-the-job injury while working for Federal Express in 2006, whereas other documents show that Plaintiff filed a claim against Federal Express for a 2004 injury. (AR 40 n.3; see AR 793-94, 949, 1050, 1062).

6

worked for six months that year – that is, from January to June. (Id.). Instead, Plaintiff asserts, her work in 2004 spanned eight months, from January to August. (Id.). Plaintiff supports this by pointing to records showing that she injured herself on the job at Federal Express on August 26, 2004. (Id. at 11 (citing AR 208, 216, 222)). Plaintiff points out that her 2004 earnings of $5,266.72, if averaged over an eight-month period, would amount to about $658 per month, which is less than $810, the SGA-qualifying monthly earnings minimum for 2004. (Id. at 11; see SSA, Substantial Gainful Activity, https://www.ssa.gov/oact/cola/sga.html).

Plaintiff also disputes the ALJ's finding that Plaintiff's mail delivery driver work yielded SGA-level earnings "whether they were reported to the proper authorities or not." (Joint Stip at 11-12; AR 41). Plaintiff contends that this finding was "speculative" because it relied on the disability report's statement that Plaintiff worked full-time at fourteen dollars an hour. Because this information was based on Plaintiff's self-reporting almost ten years after she had stopped working, Plaintiff argues that it is "much less reliable than the detailed earnings query, which shows $5,266.72 of earnings in 2004, $174.40 of earnings in 2005, and most notably, no earnings in 2006." (Joint Stip. at 11 (citing AR 144 (earnings report))).

Plaintiff's arguments fail to establish error. Although the record contains ambiguities and inconsistencies on this issue, the ALJ properly used his discretion in interpreting the information and concluding that Plaintiff's past employment as a mail delivery driver qualified as SGA. Substantial evidence supports the ALJ's finding

7

that Plaintiff earned more than $810 a month working as a Federal Express mail delivery driver in 2004. The ALJ reasonably found, based on the disability report, the earnings records, and other evidence, that Plaintiff worked for six months and earned over $5,200 total, or over $866 a month. The ALJ also reasonably found, alternatively, that Plaintiff's mail delivery driving "yield[ed] [SGA]-level earnings, whether they were reported to the proper authorities or not." (AR 41). This latter finding was not "speculative," given the record's inconsistencies, nor was it unreasonable to rely partly on the information in the disability report, even if Plaintiff provided this information almost ten years after her employment. To the contrary, it seems unlikely that Plaintiff would mistakenly recall having worked eight hours a day, five days a week, (see AR 150), if she actually had worked only enough to earn just "an average of $658.25 per month," as Plaintiff now contends.[2] (Joint Stip. at 11).

---

[2] Even at minimum wage, which was $6.75 for California in 2004, Plaintiff would have earned $658 a month working less than twenty-five hours a week. See Cal. Dep't of Indus. Relations, Minimum Wage History, https://www.dir.ca.gov/iwc/MinimumWageHistory.htm. At the hourly wage of $14 that Plaintiff provided on the disability report, (AR 150), she would have earned $658 a month working less than twelve hours a week.

Defendant points to other evidence in the record suggesting that Plaintiff underreported her earnings. (See Joint Stip. at 16). For example, as the ALJ noted, Plaintiff apparently worked part-time doing clerical duties related to a friend's architectural firm around 2008, (see AR 39, 267, 631-33), but she admitted that she did not report those earnings for tax purposes, (AR 631-33 (2010 deposition); see AR 144 (earnings records)). Defendant also points to a 2007 deposition in which Plaintiff stated that before her Federal Express employment, she worked as a Frito-Lay driver for nine months, (AR 563), though Plaintiff's earnings records reflect just $715.54 from

Plaintiff's contentions, at most, confirm that the evidence in the record was susceptible to different rational interpretations. However, because the ALJ's findings are reasonable and supported by substantial evidence, they must be upheld. See Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

**ORDER**

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 12, 2018

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

Frito-Lay. (AR 143). The ALJ did not specifically address this evidence as support for finding that the mail delivery driver job qualified as SGA.